IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 05-cv-01926-WYD-CBS

ANTHONY JOHN DAVID,

      Applicant,

v.

H. A. RIOS, JR., Warden FCI Florence,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant Anthony John David is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado.

Mr. David has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 challenging the BOP's method of calculating the amount of good-time

credits he may earn while incarcerated.  On November 14, 2005, I directed Respondent

to respond and to show cause why the Application should not be granted, which he did

on November 28, 2005.  Applicant filed a Reply on December 22, 2005.

      I must construe the Application liberally, because Mr. David is a *pro se* litigant.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See*

*Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing

is not necessary.  For the reasons stated below, the Application will be denied.

## I.  BACKGROUND

Mr. David asserts that he was sentenced on April 21, 1994, in the United States District Court for the District of Colorado to a 180-month sentence.  (Application at 2.) Mr. David contends that the BOP's method of calculating good-time credits violates 18 U.S.C. § 3624(b)(1) and that, under the proper interpretation of the statute, he is eligible to earn an additional 105 good-time credits for a total of 810 credits.  He further contends that the rule of lenity applies, and that the I should resolve the ambiguity of § 3624(b)(1) in his favor.  He also asserts that 28 C.F.R. § 523.20 does not govern how the BOP should calculate his good-time credits because he was convicted and sentenced prior to the enactment of § 523.20.  Therefore, he argues that the BOP should recalculate his projected release date reflecting that he is eligible to earn fifty-four good-time credits for each year of his term of imprisonment.

The BOP has determined that Mr. David will complete his 180-month prison sentence on November 8, 2006, based on the amount of time he has served and assuming he earns the maximum 705 good-time credits.  (Answer at Ex. 2.)

## II.  DISCUSSION

The statute in question, § 3624(b)(1), provides in relevant part as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional

2

> disciplinary regulations.  Subject to paragraph (2), if the
> Bureau determines that, during that year, the prisoner has
> not satisfactorily complied with such institutional regulations,
> the prisoner shall receive no such credit toward service of
> the prisoner's sentence or shall receive such lesser credit as
> the Bureau determines to be appropriate. . . . Subject to
> paragraph (2), credit for the last year or portion of a year of
> the term of imprisonment shall be prorated and credited
> within the last six weeks of the sentence.

Mr. David contends that the phrase "term of imprisonment" in § 3624(b)(1) refers to the

length of the sentence imposed.  The BOP, on the other hand, interprets the phrase to

mean the actual time an inmate serves in prison.

Under the BOP's interpretation of § 3624(b)(1), Mr. David has been awarded a

total of 648 days of good-time credits for the period of time from April 21, 1994, until

November 18, 2005, the period of time prior to Respondent filing an Answer.  However,

as a result of the good-time credits he already has been awarded and may acquire in

the future, he will not serve a full tenth year in prison.  Therefore, Mr. David is not

eligible for the full 54 days of credit for a tenth year in prison.  Instead, he is eligible

only for a prorated portion of the 54 days based on the portion of his tenth year that he

actually will serve in prison.

The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) has

found, as have other circuits, that the BOP's interpretation of § 3624(b)(1) is

reasonable.  *See Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir.

2006) (18 U.S.C. § 3624(b)(1) is ambiguous and the BOP's interpretation is

reasonable); *Bernitt v. Martinez*, 432 F.3d 868, 869 (8th Cir. 2005); *Sash v. Zenk*, 428

F.3d 132 (2d Cir. 2005); *Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005); *Brown v.*

*McFadden*, 416 F.3d 1271, 1272-73 (11th Cir. 2005); *Yi v. Fed. Bureau of Prisons*,
412 F.3d 526, 533 (4th Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir.
2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 52 (1st Cir. 2005); *White v. Scibana*, 390
F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1269-
70 (9th Cir. 2001); *but see Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 186
(2005) (holding that § 3624(b)(1) unambiguously directs good-time credits to be
calculated at the end of each year).

   As for Applicant's *ex post facto* claim, he must assert that § 523.20 is
retrospective, that it has been applied to events that occurred prior to its enactment,
and that he was disadvantaged by the enactment.  *Lynce v. Mathis*, 519 U.S. 433, 441
(1997).  Mr. David does not assert that the BOP changed the interpretation of how to
calculate good-time credits after he was convicted and sentenced.  The only claim
Applicant sets forth is that the BOP's policy on calculating good-time credits was not
embodied in a valid regulation until 1997, which is after his conviction and
sentencing. Therefore, Mr. David was not disadvantaged by the enactment of § 523.20
and his *ex post facto* claim lacks merit.

   With respect to Applicant's rule of lenity claim, the Tenth Circuit has found that
the rule of lenity is inapplicable because § 3624 is "neither a substantive criminal
statute nor does it prescribe the punishment imposed for a violation of such a statute."
*Wright*, 451 F.3d at 1236.  Good-time credits are awarded to ensure administrative
order in prison not to further punitive goals under criminal law.  *Id.* (quoting *Sash*, 428
F.2d at 134-35.)

4

III.  CONCLUSION

Therefore, Applicant's claims lack merit and the Application will be denied.

Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED WITH

PREJUDICE.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's

fees.

Dated:  August 31, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge